UNITED STATES of America,
Plaintiff-Appellee,

v.

Dana Xavier HARRIS, Defendant-
Appellant.

No. 20564.

United States Court of Appeals,
Sixth Circuit.

March 2, 1971.

Finnell, Thompson, Shockey & Scott, by Robert A. Scott, Cleveland, Tenn. (Court-appointed), for defendant-appellant on brief.

John L. Bowers, Jr., U. S. Atty., W. Lloyd Stanley, Jr., Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff-appellee on brief.

Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

Appellant appeals from his conviction of violation of the Selective Service Law, after a waiver of jury trial, and was sentenced under the Youth Correction Act, 18 U.S.C. § 5010(b). He was classified I–A on December 17, 1968 and did not appeal. He was ordered to report for preinduction physical and was found fit for induction. On April 18, 1969 he was ordered to report for induction on May 5, 1969. On May 5, 1969 he reported to his Selective Service Board and tendered a note stating that "because of recently changed moral beliefs, I ask for a transfer of this induction so I can fill out form 150." (Conscientious Objector form) He was given the form but never returned it to the Selective Service Board. He was sent to the Induction Station but refused induction.

Appellant relies upon Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362. This Court is satisfied that *Mulloy* is readily distinguishable upon its facts. In *Mulloy* the petitioner completed Selective Service Form 150 before he was called for induction and attached letters from five people attesting to his honesty and integrity.

We do not reach the issue as to the validity of the regulation found at 32 C. F.R., Section 1625.2, because the appellant failed to provide the Selective Service Board with any *facts* which, if true, would justify a change in the appellant's classification. He provided only a statement of a conclusion, unsupported by any facts.

The judgment of the District Court is affirmed.